**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4040**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOSE FRANCISCO CONTRERAS, a/k/a Jorge Luis Contreras,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:12-cr-00118-MR-DLH-1)

Submitted: August 27, 2015      Decided: September 11, 2015

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James W. Kilbourne, Jr., DUNGAN LAW FIRM, P.A., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Francisco Contreras pled guilty pursuant to a written plea agreement to one count of possession with the intent to distribute at least five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court imposed a bottom-of-the-Guidelines sentence of 97 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Contreras' counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning whether counsel below provided ineffective assistance when advising Contreras to plead guilty and at sentencing. Although notified of his right to do so, Contreras has not filed a pro se supplemental brief; instead he filed a letter reiterating some of the ineffective assistance claims raised in the Anders brief. We affirm.

We decline to reach Contreras' claims of ineffective assistance of counsel. "It is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance." United States v. Galloway, 749 F.3d 238, 241 (4th Cir.) (internal quotation marks, brackets, and ellipsis omitted), cert. denied, 135 S. Ct. 215 (2014). Absent such a showing, ineffective assistance claims should be raised in a

motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record here does not conclusively demonstrate ineffective assistance of counsel, Contreras' claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Contreras' conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform Contreras, in writing, of the right to petition the Supreme Court of the United States for further review. If Contreras requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion to withdraw from representation. Counsel's motion must state that a copy thereof was served on Contreras.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED